UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS ANGEL TORRES
ECHEVARRIA,

        Plaintiff,

  v.

PTL. MICHAEL GEORGE, et al.,

        Defendants.

Civil No. 09-1311 (GEB)

**MEMORANDUM AND ORDER**

RECEIVED
MAR 3 1 2009
AT 8:30
WILLIAM T. WALSH
CLERK

    Plaintiff, Luis Angel Torres Echevarria, a convicted state inmate presently confined at the South Woods State Prison in Bridgeton, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this civil action for declaratory relief under 42 U.S.C. § 1983, for alleged violations of his constitutional rights regarding his state court trial and conviction. Plaintiff failed to pay the $350.00 filing fee and did not submit a complete application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

    The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

1

Under the Act, a prisoner bringing a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined. <u>Id.</u>

Even if the prisoner is granted <u>in forma pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses

the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1]

In this case, Plaintiff failed to either pay the $350.00 filing fee, or submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1); in particular, Plaintiff failed to provide a complete *in forma pauperis* application that contains a signed certification from an authorized officer of the South Woods State Prison, where plaintiff presently is confined, and his six-month institutional account statement, as prescribed under 28 U.S.C. § 1915(a)(2).

In addition, Plaintiff failed to sign his pleading as required by Fed.R.Civ.P. 11(a) and Local Civil Rule 11.1.

THEREFORE, it is on this 31st day of MARCH, 2009;

---

[1] This Court notes that Plaintiff has filed seven other civil rights complaints alleging constitutional violations by different defendants regarding the same New Jersey state court criminal trial and conviction. These actions are: Echevarria v. Tacher, et al., Civil No. 09-1304 (JAP); Echevarria v. Hull, Civil No. 09-1306 (FLW); Echevarria v. Johnatan, et al., Civil No. 09-1307 (JAP); Echevarria v. Schlectweg, Civil No. 09-1308 (MLC); Echevarria v. Scapulla, et al., Civil No. 09-1309 (AET); Echevarria v. Kaye, et al., Civil No. 09-1310 (MLC); and Echevarria v. Mount, et al., Civil No. 09-1312 (JAP).

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed <u>In Forma Pauperis</u>, and a blank form to be used a prisoner in filing a Civil Rights Complaint; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar ***if it was originally filed timely***, <u>see</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988)(prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete <u>in forma pauperis</u> application, including an affidavit of indigence, ***and*** six-month prison account statement, signed and certified by an authorized officer of the institution where he is confined, or (2) the $350 filing fee; and (3) a Civil Rights Complaint setting forth his

4

statement of claims and relief sought with Plaintiff's signature as required under Fed.R.Civ.P. 11(a); and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, and a signed Complaint form, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
GARRETT E. BROWN, JR., Chief Judge
United States District Court