**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS ANGEL TORRES ECHEVARRIA, | |
| Plaintiff, | Civil No. 09-1311 (GEB) |
| v. | |
| PTL. MICHAEL GEORGE, et al., | OPINION |
| Defendants. | |

RECEIVED
FEB 19 2010
AT 8:30 WILLIAM T. WALSH
CLERK

**APPEARANCES:**

    LUIS ANGEL TORRES ECHEVARRIA, Plaintiff pro se
    #292739
    South Woods State Prison
    215 Burlington Road South
    CN 6000
    Bridgeton, New Jersey 08302

**BROWN, JR.**, Chief Judge

This matter was administratively terminated by this Court, by Order entered on March 31, 2009, because it appeared that plaintiff's application for in forma pauperis ("IFP") status was incomplete and no filing fee had been paid. (Docket entry no. 2). On October 22, 2009, plaintiff's mother wrote to this Court inquiring as to the status of her son's case and indicating that she had paid the $350.00 filing fee by money order. Upon review of the docket, it appears that the filing fee was entered on the docket in this matter, although it had been submitted with

another Complaint presented to the Clerk's Office for filing that same day.[1] Accordingly, this Court will direct the Clerk of the Court to re-open this matter and to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed in its entirety.

## I. BACKGROUND

Plaintiff, Luis Angel Torres Echevarria ("Echevarria"), brings this civil action, pursuant to 42 U.S.C. § 1983, against defendants, Ptl. Michael George and Sgt. Charles Platt, both with the Freehold Boro Police Department.  (Complaint, Caption, ¶¶ 4(b) and 4(c)).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening

---

[1] Echevarria submitted seven (7) separate § 1983 complaints on the same date, without IFP or filing fee.  These seven actions are: Echevarria v. Tacher, et al., Civil No. 09-1304 (JAP); Echevarria v. Hull, Civil No. 09-1306 (FLW); Echevarria v. Johnatan, et al., Civil No. 09-1307 (JAP); Echevarria v. Schlectweg, Civil No. 09-1308 (MLC); Echevarria v. Scapulla, et al., Civil No. 09-1309 (AET); Echevarria v. Kaye, et al., Civil No. 09-1310 (MLC); and Echevarria v. Mount, et al., Civil No. 09-1312 (JAP).  The $350.00 filing fee by money order was marked as received in Echevarria v. Schlectweg, Civil No. 09-1308 (MLC), but was never docketed in that matter.  Instead, the filing fee was applied in the present action.

only. The Court has made no findings as to the veracity of Echeverria's allegations.

Echevarria alleges that he was arrested on August 26, 1994. He was convicted and sentenced to thirty (30) years in prison on July 2, 1997. He claims that the testimonies and statements given by the police officers at trial were contradictory and false. Echevarria claims that he is not guilty of the offenses for which he was convicted.

The Complaint does not state the relief that Echevarria is seeking. However, he did indicate that his action is brought under 42 U.S.C. § 1983. (Compl., ¶ 1).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A, because

3

Echevarria is a prisoner seeking redress against governmental employees.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court refined the standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately

4

alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

> "show[n]"-"that the pleader is entitled to relief." <u>Fed. Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

<u>Iqbal</u>, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>. at 1948. The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>Id</u>. at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that <u>Iqbal</u> provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[3] that

---

[3] In <u>Conley</u>, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Id</u>., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion

6

applied to federal complaints before Twombly. Fowler, 2009 WL 2501662, *5. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

---

to dismiss so long as it contained a bare recitation of the claim's legal elements.

7

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

A.  Claim Regarding Witness Testimony at Trial

It would appear that Echevarria's claim against these two police officers pertain to their testimony at plaintiff's state criminal trial. Thus, to the extent that the Complaint against the police defendants here are based on the officers' testifying falsely before a grand jury or a court, such claims must be dismissed because a witness enjoys absolute immunity from damages under § 1983 for false testimony. See Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983)(police officer who testifies in criminal

trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n. 16 (3d Cir.1992)(witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir.1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

B. Claim As to Plaintiff's State Court Conviction Is Barred

Although plaintiff seems to be alleging a claim of false testimony, it also appears that he is attempting to challenge his 1997 state court criminal conviction. Echevarria contends that he is not guilty of the allegations made by the police officers that resulted in his conviction. However, any claims Echevarria may have with respect to his state court conviction must be presented in a federal habeas petition after he has exhausted his state court remedies, and not in a complaint under § 1983.

Indeed, the exclusive federal remedy for an inmate challenging the fact or length/duration of his confinement is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser,

411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Echevarria has already filed an unsuccessful federal habeas petition and it would appear he is trying to circumvent the procedural bars to his filing an untimely and second or successive habeas petition. In the habeas petition Echevarria submitted the same day as this Complaint, Echevarria v. Attorney General of the State of New Jersey, Civil No. 09-1305 (AET), Echevarria admits that he sought habeas review of his 1997 conviction in an earlier action in the United States District Court for the District of New Jersey, Echevarri v. MacFarland, Civil No. 05-899 (SRC). In an Opinion and Order entered on December 14, 2005, the Honorable Stanley R. Chesler denied all asserted claims for habeas relief for lack of substantive merit.[4] See Echevarri v. MacFarland, Civil No. 05-899 (SRC)(Docket Entry Nos. 7 and 8). On May 29, 2007, Echevarria filed a motion in Civil No. 05-899 (SRC), to file a notice of appeal nunc pro tunc. This motion was denied by Order dated August 9, 2007. See Echevarri v. MacFarland, Civil No. 05-899 (SRC)(Docket Entry Nos. 11 and 12, respectively). No further action was taken by petitioner in his earlier habeas case.

In his recent habeas petition, filed the same date as this action, Echevarria v. Attorney General of the State of New

---

[4] In his first habeas petition, Echevarria raised claims that his trial counsel was ineffective in violation of his constitutional rights.

10

Jersey, Civil No. 09-1305 (AET), the Honorable Anne E. Thompson, U.S.D.J., dismissed Echevarria's habeas petition on April 3, 2009, for lack of subject matter jurisdiction because it was a second or successive habeas petition that must first be presented to the United States Court of Appeals for the Third Circuit for authorization to be considered in the district court, pursuant to 28 U.S.C. § 2244(b)(3)(A).

In this case, it appears that Echevarria's claim concerning the false testimony of the police officer witnesses was not raised in his first habeas petition. It is unclear whether the claim was presented for state court review. Therefore, Echevarria is barred from bringing this successive application for habeas review by this District Court at this time unless he first seeks authorization from the Third Circuit. 28 U.S.C. § 2244(b)(3)(A). Consequently, this Court must dismiss this action at this time because it is a second or successive habeas petition.

Moreover, it appears from review of the first habeas petition, that this action raising a new habeas claim might be time-barred under 28 U.S.C. § 2244(d)(1)(A). Under § 2244(d)(1)(A), a petitioner has one year from the date on which his judgment of conviction became final by conclusion of direct review, or the expiration of the time for seeking such review, to file his one, all-inclusive federal habeas petition. In this case, Echevarria's judgment of conviction became final on or

about December 9, 1999. However, the limitations period was tolled under 28 U.S.C. § 2244(d)(2), from November 16, 1999, when Echevarria filed a state court petition for post-conviction relief ("PCR"), until February 13, 2004, when his petition for certification before the New Jersey Supreme Court was denied. Therefore, Echevarria had one year from February 13, 2004, or until February 14, 2005, to file his federal habeas petition. This action was not filed until March 2009, more than four years later.

Consequently, unless the Third Circuit finds that Echevarria's successive claim for habeas review satisfies the criteria for a second or successive habeas petition under 28 U.S.C. § 2244(b)(2)(A) or (B), any new habeas petition would be subject to dismissal as untimely.[5]

---

[5] This Court previously noted that Echevarria filed seven separate actions on the same date as this Complaint; namely: Echevarria v. Tacher, et al., Civil No. 09-1304 (JAP); Echevarria v. Hull, Civil No. 09-1306 (FLW); Echevarria v. Johnatan, et al., Civil No. 09-1307 (JAP); Echevarria v. Schlectweg, Civil No. 09-1308 (MLC); Echevarria v. Scapulla, et al., Civil No. 09-1309 (AET); Echevarria v. Kaye, et al., Civil No. 09-1310 (MLC); and Echevarria v. Mount, et al., Civil No. 09-1312 (JAP). All of these civil complaints, filed under § 1983, also appear to challenge petitioner's 1997 state court conviction on various grounds relating to claims of false testimony by other witnesses, as well as a claim against the trial judge for permitting such false testimony. Therefore, should Echevarria seek to re-open these cases by submitting a filing fee or a complete IFP application, all claims would be subject to dismissal on the same grounds as set forth in this action.

C.  <u>False Arrest Claim</u>

Plaintiff's allegations also might be construed as alleging a false arrest claim under the Fourth Amendment.[6]

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest.  See <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998); <u>Rose v. Bartle</u>, 871 F.2d 331, 348-51 (3d Cir. 1989).  In this instance, Echevarria states that he was arrested on or about August 27, 1994.  An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is bound over by a magistrate or arraigned on criminal charges.  <u>Wallace v. Kato</u>, 549 U.S. 384, 388-90 (2007).

In <u>Wallace</u>, the Supreme Court specifically addressed the timeliness with respect to a false arrest claim, which this Court finds pertinent here.  There, the petitioner had been arrested and convicted of murder based upon an unlawfully-obtained confession, but the charges were dropped after appeal.  Rejecting

---

[6]  The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." <u>U.S. Const</u>. amend IV.  An arrest and a search violate the Fourth Amendment in the absence of probable cause.  See <u>Kalina v. Fletcher</u>, 522 U.S. 118, 130 (1997); <u>Malley v. Briggs</u>, 475 U.S. 335, 345 (1986); <u>Sharrar v. Felsing</u>, 128 F.3d 810, 822-27 (3d Cir.1997).

13

that petitioner's effort to bring a false arrest claim after the charges were dropped, the Supreme Court held that a cause of action for false arrest and the imprisonment incident to that arrest accrues as soon as the allegedly wrongful arrest occurs and that the limitations period begins to run when that false imprisonment comes to an end, that is, when the victim becomes held pursuant to legal process - "when, for example, he is bound over by a magistrate or arraigned on charges." The Supreme Court explicitly rejected the contention that the cause of action did not accrue until the State dropped its charges against the victim. Wallace, 549 U.S. at 389-92. See also Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (claim for false arrest accrues at time of arrest).

Here, as stated above, Echevarria was arrested on August 27, 1994. He also concedes that he was convicted on July 2, 1997. Thus, it is clear that Echevarria was held pursuant to legal process, and his false imprisonment from the alleged false arrest ended long before he was convicted in 1997. According plaintiff the most generous possible theory of accrual, namely that he was held pursuant to legal process on the date of his conviction, July 2, 1997, Echevarria's claim of false arrest accrued at the latest on or about July 2, 1997; and therefore, he had until July 2, 1999 to file his Complaint. This Complaint was received on March 16, 2009, almost ten (10) years after the statute of limitations had expired.

14

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

Federal courts look to state law to determine the limitations period for § 1983 actions. See Wallace, 549 U.S. at 387-88. Civil rights or constitutional tort claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson v. Garcia, 471 U.S. at 269.

Here, Echevarria had two years from the date his false arrest claim accrued, on or about July 2, 1997, as stated above, to file his Complaint. He did not file this Complaint until March 16, 2009, almost ten years after the limitations period on his false arrest claim expired. Therefore, this claim is now

time-barred. Echevarria alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.[7] Nor does plaintiff

---

[7] New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:
> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

In most cases, "the limitations period begins to run from the time when plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). See also Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994)(a claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action"). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

plead ignorance of the law or the fact of his incarceration (neither excuse being sufficient to relax the statute of limitations bar in this instance) as the basis for delay in bringing suit. In fact, plaintiff is completely silent with respect to the fact that his false arrest claim has been submitted out of time.

Because plaintiff has not offered any explanation for his lack of diligence in pursuing his claim for more than ten years after it had expired, such omission strongly militates against equitable tolling of the statute of limitations. Therefore, the Court finds that this claim is now time-barred and any false arrest claim must be dismissed with prejudice, in its entirety, as against the defendants.

V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, with respect to all defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. An appropriate order follows.

```
                                      /s/ Garrett E. Brown, Jr.
                            _____
                            GARRETT E. BROWN, JR., Chief Judge
                            United States District Court
```

Dated:

18